AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

**DEVONTAE JONES,**

*Defendant*

Case No. 24-MJ- 4075

## CRIMINAL COMPLAINT

I, **Malcolm Van Alstyne**, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about and between February 28, 2024 and April 5, 2024, in the Western District of New York and elsewhere, the defendant **DEVONTAE JONES** committed violations of Title 18, United States Code, Section 924(a)(1)(A) (Unlawful Dealing of Firearms); Title 18, United States Code, Section 1715 (Knowingly Mailing a Firearm); Title 18, United States Code, Section 922(a)(5) (Transfer of a Firearm from a Non-Licensee to a Non-licensed Resident of Another State); and Title 18 United States Code, Section 922(o)(1) (Transfer of A Machine Gun).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

SA MALCOLM VAN ALSTYNE,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 4(d) on:

Date: May 15, 2024

City and State: Rochester, New York

*Judge's signature*

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-vs-

24-MJ- 4075

DEVONTAE JONES,

       Defendant.

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK  )
COUNTY OF MONROE  )   SS:
CITY OF ROCHESTER  )

I, Malcolm D. Van Alstyne, Jr, Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, depose and state that:

1.    I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and am assigned to the Rochester, New York Field Office. I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, Unites States Code, that is an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United State Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

1

2. I have been employed as an ATF Special Agent since 2001. Prior to being employed as an ATF Special Agent, I was employed as a U.S. Probation Officer for the Northern District of New York in Syracuse, New York for over four years. My primary duties as an ATF Special Agent include investigating violations of federal firearms laws such as individuals engaged in illegal firearms trafficking, unlawful possession of firearms, as well as the possession of firearms in furtherance of drug trafficking crimes, and other crimes of violence.

3. During my tenure with ATF, I have participated in numerous investigations related to armed individuals that were involved in illegal firearms possession and trafficking in violation of federal firearms laws, including Title 18, United States Code, Sections 922 and 924 and Title 26, United States Code, Section 5861. As such, I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in illegal firearm activities. I have been the affiant on five affidavits in support of Federal Title III intercepts and numerous federal search warrants, arrest warrants and other applications, many of which involved illegal firearm activities. Through my training, education, experience and speaking with other law enforcement officers, I have become familiar with the manner in which illegal firearms are manufactured, transported, stored, and distributed, and with the methods of payment for such firearms.

4. Based upon my training and experience, I am aware of conversion devices that have been designed and created for the sole purpose of converting semi-automatic Glock-type pistols into fully automatic machineguns. These devices vary by design and appearance but all, when properly installed on a semi-automatic Glock pistol, will allow the firearm to expel more than one projectile by a single pull of the trigger at approximately 1,200 rounds per

2

minute. Installation of these conversion devices is fast and simple, requires no technical expertise, and is completed by removing the polymer slide cover plate on a Glock semi-automatic pistol and replacing it with a conversion device. I also know that these devices are referred to by different names, including but not limited to: "switches," "auto sears," "convertors," "conversion switches," "selector switches," "conversion devices," and "Fire Selector Systems for Glock" (FSSGs).

5. I know that ATF considers Glock conversion devices as post-May 19, 1986, machineguns. Therefore, apart from official military and law enforcement use, Glock conversion devices may only be lawfully possessed by properly licensed Federal Firearms Licensees (FFLs) who have paid the appropriate Special Occupational Tax (SOT) required of individuals manufacturing, importing, or dealing in National Firearms Act (NFA) weapons.

## PURPOSE OF AFFIDAVIT

6. I make this affidavit in support of a criminal complaint charging Devontae JONES (hereafter "JONES") with violations of Title 18, United States Code, Section 924(a)(1)(A) (Unlawful Dealing of Firearms); Title 18, United States Code, Section 1715 (Knowingly Mailing a Firearm); Title 18, United States Code, Section 922(a)(5) (Transfer of a Firearm from a Non-Licensee to a Non-licensed Resident of Another State); and Title 18 United States Code, Section 922(o)(1) (Transfer of A Machine Gun).

7. This affidavit is based upon my participation in this investigation, my review of law enforcement reports filed in connection with this investigation, and conversations I have had with other law enforcement officers involved in this matter. As this affidavit is being

3

submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me regarding this investigation.

## PROBABLE CAUSE

8. Confidential Source 1 (hereinafter CS-1) has been working with ATF, the Rochester Police Department and other law enforcement agencies for approximately one year. CS-1 has engaged in controlled buy operations during this timeframe that has resulted in the seizure of illegal firearms. CS-1's information has proven to be truthful and reliable. The basis of CS-1's information in this affidavit is his/her personal knowledge unless otherwise specified. CS-1's information as it relates to this investigation has been corroborated on many points, as described in this affidavit. I therefore believe that CS-1's information is truthful and reliable. CS-1 is cooperating with the government in the hopes of receiving a more favorable sentence on a conviction he/she received for a felony offense in federal court.

9. During the month of February 2024, CS-1 advised Your Affiant that Devontae JONES aka "GUCCI", a Georgia resident, sells firearms and that JONES requested CS-1 to assist JONES in selling firearms, including firearms with "switches attached." The firearms were to be obtained by JONES in Georgia and then sold in New York, with the assistance of CS-1. CS-1 provided me with the telephone number (678)330-7112 as a contact number for JONES.

10. On February 28, 2024, Your Affiant, while acting in an undercover capacity, had multiple recorded telephone contacts with Devontae JONES who was using telephone number (678)330-7112. ATF obtained subscriber information for (678)330-7112 via

4

subpoena, which indicated that the phone number was serviced by T-Mobile and subscribed to in the name of Devontae JONES. The contacts consisted of phone conversations and text messages. All of the phone communications between Your Affiant and JONES were recorded and saved as evidence. During the February 28, 2024 communications, I spoke with JONES and he indicated that he would send several firearms, including one outfitted with a "switch" from Georgia to me in Rochester, N.Y. via the U.S. Postal Service (USPS). Based on my training and experience I know that the term "switch" in this context refers to a machine gun conversion device (MCD) that can be affixed to a semi-automatic firearm and transform that semi-automatic firearm into a fully automatic machinegun. Your Affiant instructed JONES to send the firearms addressed to "Michelle Adams" at P.O. Box 92160, Rochester, N.Y. 14692. I was provided with P.O. Box 92160, Rochester, N.Y. 14692 by U.S. Postal Inspection Service (USPIS) Inspector James Keenan for the purposes of this investigation. JONES requested to be paid through Cash App and he advised me that his Cash App handle was: $raptor680. JONES explained that the handle would indicate that it belonged to a "TAE JONES". JONES also indicated I could use the number he contacted me with to pay him via Apple Pay. Later that same day (February 28, 2024), JONES shipped firearms to the address I had indicated, from a USPS facility in Atlanta, Georgia. I know this because JONES sent me a text message that read "Otw to you" and included a picture of a USPS receipt dated February 28, 2024, for two packages with tracking numbers 9534611778144059245085 (Subject Parcel 1) and 9505511778140059245116 (Subject Parcel 2), with an estimated delivery date of March 4, 2024, to Rochester, N.Y.

11. Your affiant provided these tracking numbers to Inspector Keenan who was then able to locate the packages in the flow of mail and had them pulled from circulation. On March 2, 2024, Inspector Keenan was able to secure the Subject Parcels in Rochester, N.Y. Inspector Keenan then applied for a search warrant to open Subject Parcels 1 and 2.

12. On March 5, 2024, the Honorable Marian W. Payson, Magistrate Judge for the Western District of New York issued search and seizure warrants for Subject Parcels 1 and 2. On March 6, 2024, I observed Inspectors James Keenan and James Pierce execute the search warrants for the Subject Parcels. Inspectors Keenan and Pierce recovered the following items from within the parcels:

   a. One (1) American Tactical Imports, model Omni Hybrid, multi-caliber pistol, bearing serial number NS252346;[1]

   b. One (1) HS Produkt model XDE, .45 caliber pistol, bearing serial number HE120013;[2]

   c. One (1) Glock model 43X, 9mm pistol, bearing serial number BLPC645;[3]

   d. One (1) Taurus model TH9C, 9mm pistol, bearing serial number ADE330968;

   e. One (1) Smith and Wesson model 5903, 9mm pistol, bearing serial number TEF7831;

   f. One (1) Taurus model G2C, 9mm pistol bearing serial number TMB58175;

   g. One (1) Sig Sauer model P320, 9mm pistol, bearing serial number 58H189167;

---

[1] The ATF National Integrated Ballistic Information Network (NIBIN) shows a potential correlation between a cartridge case recovered from a test fire of this firearm and a cartridge case recovered at an August 20, 2022 assault shooting in Atlanta, GA.
[2] A query of the National Crime Information Center (NCIC) revealed the firearm was entered into NCIC as stolen on January 28, 2024 by the Atlanta, GA Police Department.
[3] A query of NCIC revealed the firearm was entered into the NCIC database as stolen on August 2, 2023 by the Okaloosa County, Florida Sheriff's Office.

      h. Twenty (20) rounds of assorted .223 caliber ammunition;

      i. Thirteen (13) rounds of assorted 9mm ammunition;

      j. Four (4) rounds of assorted 9mm ammunition;

      k. Six (6) rounds of Hornady .45 caliber ammunition; and

      l. Twenty-five (25) rounds of assorted 9mm ammunition.

13. Later that day (March 6, 2024), I obtained Seven-Thousand, Five-Hundred Dollars ($7,500.00) in ATF Agent Cashier Funds to conduct this transaction. This sum equaled the agreed upon price for the firearms and ammunition. The money was then sent to JONES via Cash App to $raptor680. Within minutes of the payment being sent, I engaged in a recorded telephone conversation with JONES (who was using telephone number (678)330-7112). During the conversation, I acknowledged receipt of the firearms and JONES told me that he had three additional firearms to send me. I informed JONES that I would let him know when I was ready to purchase the additional firearms.

14. On March 9, 2024, I sent JONES a recorded text message (to his (678)330-7112 number) in which I wrote "Ready for the three." JONES replied, "Yeah that's all you want"? I responded by writing "Now but ill need more this week."

15. On March 10, 2024, I received a telephone call from JONES (who was using (678)330-7112). JONES said "I'm fittin to send you some pictures." Based on my training, experience and the context of this communication, I understood JONES to mean that he intended to send me photographs of the firearms JONES had available to sell me. Moments later, I received from JONES (using (678)330-7112) an electronic message that included a photograph of three pistols. Based on my training and experience the pistols depicted in the

7

photograph appeared to be a Glock pistol, a Taurus pistol, and an FMK Glock-type personally made firearm (PMF).

16. On March 11, 2024, I had a text message conversation with JONES (who was using (678)330-7112). JONES wrote "So the one at the bottom is a ghost Glock. The Glock at the top is a Glock 45 9mm Gen 5 an the one on the side is a Taurus 9". I understood JONES to be describing the make/model of the three firearms depicted in the above referenced photographs. I wrote back "ok. Whats up with that switch?" JONES answered "The swich is on The Glock at the top it's a incognito swich the best of the best".

17. On March 12, 2024, I received several text messages from JONES (who was using (678)330-7112). One message was a photograph of a single pistol. The pistol appeared to be the same FMK Glock-type PMF depicted in the photograph JONES sent on March 10, 2024. In a second text message JONES wrote "Ghost Glock has The Switch". I also received a photograph from JONES of what I recognized to be the slide of a pistol pulled back exposing an MCD affixed to the firearm. Later that day, I received a text message photograph from JONES of a sealed unaddressed white USPS medium flat rate box. JONES then wrote "Send you your Tracking Number when I drop it off. Do you want me to send it to the same address with same name?" I wrote back "Yes". That text was followed by a photo of a USPS receipt dated March 12, 2024, for a package with a tracking number 9505511253174072432121 (Subject Parcel 3). The package was sent from a USPS facility in Conley, GA with an estimated delivery to Rochester, N.Y. on March 14, 2024.

18. On March 15, 2024, Inspector Keenan secured Subject Parcel 3 in Rochester and applied for a search warrant to open Subject Parcel 3. U.S. Magistrate Judge Mark Pedersen

8

issued a search warrant for Subject Parcel 3 that same day.

19. Later that day (still March 15, 2024), JONES was sent $2,500.00 in ATF Agent Cashier Funds at Cash App $raptor680. I sent JONES a text message on (via (678)330-7112) advising him that the funds had been sent to JONES. JONES responded later that day via text message writing "Good lookin G I have more lemme know when you ready". I responded by writing "Definitely $$ always gonna be right." Based on my training and experience I understood JONES to mean that he had received the funds, and that JONES had more firearms to sell me whenever I was ready to purchase more firearms. JONES sent me a text message that read "How did the box come"? I replied, "I wont get the box til probably tomorrow". JONES then sent me a photograph of a screenshot of USPS tracking for Tracking Number 9505511253174072432121. The tracking image indicated that the package had been delivered on March 15, 2024 at 3.54pm. JONES sent another text message that read "It's waiting on you G lemme kno". Your affiant answered "For sure. Ill be back in rochester tomorrow".

20. On March 18, 2024, I observed Postal Inspectors Josh Burch and Tom Taylor execute a search and seizure warrant on Subject Parcel 3. Inspectors Burch and Taylor recovered the following items from within Subject Parcel 3:

   a. One (1) Taurus, model G2C, 9mm pistol, bearing serial number I735091;

   b. One (1) Glock model 45, 9mm pistol, bearing serial number BUEU189 (on the frame), and serial number BSTE390 (on the slide and barrel);

   c. One (1) FMK model AG1, 9mm pistol, bearing serial number AG1BB00082 (on the frame), and serial number BVCM202 (on the Glock barrel) with an MCD attached;

   d. Nine (9) rounds of Browning 9mm ammunition.

21. Later that day (March 18, 2024), I sent a text message to JONES (via (678)330-7112) indicating that I was pleased with the firearms by writing "Good shit". JONES replied via text message "Always 100 100 Lemme know when you ready for more"...."I'm loading up now".

22. JONES and I continued to have phone conversations and texts message exchanges in which we discussed additional firearm transactions, and JONES continued to use phone number (678)330-7112 for these communications. For example, on March 28, 2024, JONES sent me a text message that read "1K for hands, 1.5 for Glks with Buttons, 2 for sticks with attachments, And I'll throw in extensions for every glck I send so you'll have 2 clips and filled with bllts". Based on my training, experience and involvement in this investigation, as well as the context of the text message, I interpreted this message to be a price list. More specifically, I believe JONES was telling me that he would charge me $1,000.00 for a handgun, $1,500.00 for a Glock or Glock-type PMF with an MCD attached, and $2,000.00 for a rifle. Additionally, JONES indicated that he would include two magazines loaded with ammunition with each Glock or Glock-type PMF that I purchased from him.

23. On April 4, 2024, JONES and I had multiple phone conversations and text message exchanges. During one of these communications JONES told me that he had sent me a photograph of six separate firearms. JONES described the firearms as being one .45 caliber firearm, three .40 caliber firearms, one 9mm firearm and one .22 caliber firearm. I examined the photograph and based on my training and experience recognized that two of the firearms appeared to be Glock pistols, one appeared to be a Taurus revolver, one appeared to be a Sig Sauer pistol and one appeared to be a Taurus pistol. JONES agreed to sell me the firearms in

10

exchange for $7,000.00.

24. On April 5, 2024, JONES sent me a photograph of a USPS receipt dated April 5, 2024 for a package with tracking number 9534612331024096492874 (Subject Parcel 4). The package was sent from a USPS facility in Forest Park, GA with an estimated delivery date in Rochester, N.Y. of April 8, 2024.

25. On April 8, 2024, Inspector Keenan secured Subject Parcel 4 in Rochester and applied for a search warrant to open Subject Parcel 4.

26. On April 9, 2024, U.S. Magistrate Judge Mark Pedersen issued a search and seizure warrant for Subject Parcel 4.

27. On April 10, 2024, I observed Inspector James Keenan execute a search and seizure warrant for Subject Parcel 4. Inspector Keenan recovered the following items from within the parcel:

a. One (1) Glock model 21 GEN 4, .45 caliber pistol, bearing serial number AHEG021 with an MCD attached;

b. One (1) Ruger model LCR, .22 caliber revolver, bearing serial number 1541-66865;

c. One (1) Sig Sauer model 365, 9mm pistol, bearing serial number 66F273001;

d. One (1) Ruger model 9E, 9mm pistol, bearing serial number 337-87216;

e. One (1) Taurus model PT140 Millenium Pro, .40 caliber pistol, bearing serial number SBW96345.[4]

f. One (1) Glock model 22, .40 caliber pistol, bearing serial number BBM857US;

g. Six (6) rounds of assorted .22 caliber ammunition;

h. Twenty-three (23) rounds of assorted .45 caliber ammunition;

---

[4] NIBIN shows a potential correlation between cartridge case recovered from a test fire of this firearm and a cartridge casing recovered at a March 25, 2024 aggravated assault shooting in Peachtree Corners, GA.

11

i. Fourteen (14) rounds of assorted .40 caliber ammunition; and

j. Twenty (24) rounds of assorted 9mm ammunition.

## INTERSTATE NEXUS OF FIREARMS

28. Your affiant consulted with ATF Nexus Expert / ATF Senior Special Agent Ryan Szwejbka in connection with this case. SA Szwejbka advised me that after reviewing descriptions of the firearms collected in this case, namely, the firearms seized from Subject Parcels 1, 2, 3 and 4, he determined that none of the firearms were manufactured in the state of New York. Consequently, by virtue of their presence in New York, each firearm would have affected interstate commerce and/or foreign commerce. He also advised me that all met the definition of a firearm, namely that each gun was designed to expel a projectile by the action of an explosive.

29. A query of the ATF Federal Licensing System revealed JONES was not a Federal Firearms Licensee. A query of the National Firearm Registration and Transfer Record System revealed JONES was not able to legally possess a machinegun. While I am an ATF Special Agent, I am not licensed to deal in firearms, nor would JONES have any reason to believe I was a federally licensed dealer in firearms.

## ATF FIREARMS & AMMUNITION TECHNOLOGY DIVISION EXAMINATION

30. Your Affiant submitted the FMK model AG1, 9mm pistol, bearing serial number AG1BB00082 (on the frame), and serial number BVCM202 (on the Glock barrel) with an MCD attached, to the ATF Firearms & Ammunition Technology Division for technical examination. On April 9, 2024, ATF Firearms Enforcement Officer (FEO) Oslyn

12

Gardner removed the MCD from the FMK Glock-Type PMF pistol and installed it on an ATF National Firearms Collection Glock model 22 pistol. The firearm functioned fully automatic with the MCD attached. FEO Gardner concluded that the submitted MCD is a combination of parts designed and intended for use in converting a weapon into a machinegun and that therefore the submitted MCD is a "machinegun" as defined in Title 26 U.S.C. § 5845(b) and Title 18 U.S.C § 921 (a)(24).

## ROCHESTER FIELD OFFICE TEST FIRE

31. On April 12, 2024, Task Force Officer Joe Briganti and I observed ATF SA Patrick Hoffmann conduct test fires at the Monroe County Public Safety Training Facility, in Rochester, N.Y. SA Hoffmann test fired the Glock model 21 GEN 4, .45 caliber pistol, bearing serial number AHEG021 with an equipped MCD. After test firing this weapon he advised, and I observed, that it functioned fully automatic as a machinegun. SA Hoffmann then test fired the Glock model 22, .40 caliber pistol, bearing serial number BBM857US which came equipped with an MCD. After test firing the weapon, he concluded and I observed, that it functioned fully automatic as a machinegun.

## CONCLUSION

32. Based on the foregoing, I submit there is probable cause to believe that on or about and between the dates of February 28, 2024 and April 5, 2024, in the Western District of New York and elsewhere, the defendant, Devontae JONES, committed violations of Title 18, United States Code, Section 924(a)(1)(A) (Unlawful Dealing of Firearms); Title 18, United States Code, Section 1715 (Knowingly Mailing a Firearm); Title 18, United States

Code, Section 922(a)(5) (Transfer of a Firearm from a Non-Licensee to a Non-licensed Resident of Another State); and Title 18 United States Code, Section 922(o)(1) (Transfer of A Machine Gun).

_____
MALCOLM D. VAN ALSTYNE, JR.
Special Agent,
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Affidavit and Criminal Complaint Submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on May  15 , 2024.

_____
HON. MARIAN W. PAYSON
United States Magistrate Judge